**John G. SPIRKO, Petitioner,**

v.

**Karl ANDERSON, Respondent.**

No. 3:95CV7209.

United States District Court,
N.D. Ohio.

April 16, 1997.

John J. Callahan, Toledo, OH, Thomas C. Hill, Alvin Dunn, Joseph C. Figini, Christopher G. Janney, Tara M. Flynn, Richard J. Nizzardini, Shaw, Pittman, Potts & Trowbridge, Washington, DC, for Petitioner.

Stuart A. Cole, Stuart W. Harris, Office of the Attorney General, Columbus, OH, for Respondent.

## Order

CARR, District Judge.

This is a habeas corpus case in which the respondent has filed a motion (Doc. 86) to reconsider an earlier order (Doc. 85) granting the petitioner's motion to stay proceedings pending adjudication of a successor state post-conviction relief petition. For the reasons that follow, the motion to reconsider shall be granted; on reconsideration, the stay order shall be reconfirmed and respondent's motion to dismiss shall be denied.

This case was filed on March 31, 1995. As a result of developments in a collateral case, the petitioner recently gained access to investigative files that had been sealed and not disclosed to him either prior to or during his trial or at any time thereafter until that access was gained.

As a result of what he has learned from those materials, the petitioner has filed a successor state court post-conviction relief proceeding seeking relief under the doctrine of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Because the petitioner is asserting claims that have never been presented to any court for review, it is entirely appropriate—indeed, absolutely necessary—that he first present those claims to the courts of Ohio before including them in his pending federal habeas corpus petition. 28 U.S.C. § 2254(b). *See, e.g.. Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In my initial order granting a stay of these proceedings, I noted that a similar order had been entered by the Hon. Sandra S. Beckwith, United States District Judge for the Southern District of Ohio. (Doc. 85 at 3). In the motion for reconsideration, the respondent points out that Judge Beckwith has vacated that order on the basis of the Sixth Circuit's en banc decision in *O'Guinn v. Dutton,* 88 F.3d 1409 (6th Cir.1996) (en banc).

As I read *O'Guinn,* that case does not *require* that I dismiss the petitioner's petition while he pursues his state court remedies. Though I have no doubt that I have discretion to do so, I find nothing in that decision that compels dismissal instead of a stay.

In that case, the district court heard and granted relief in a "mixed petition" situation. To have done so, the court of appeals held in *O'Guinn,* was erroneous in view of the fact that the state courts had not been given the first opportunity to adjudicate the petitioner's new claims.

In this case that course is being taken: the petitioner has filed his new claims in the state courts. He has not sought leave to incorporate those new claims into his pending habeas petition. Thus, his petition, as filed and as presently composed, is not a mixed petition—it continues to assert claims as to which, all parties agree, the exhaustion requirement has been met. The decision in *O'Guinn* is, accordingly, distinguishable.

Aside from noting Judge Beckwith's vacation of her earlier order and calling my attention to *O'Guinn,* the respondent's motion shows no cause for me to withhold a stay and dismiss this petition. There is no sugges-

tion—at least no direct suggestion—that principles of comity are being offended, and I see no basis on which such suggestion could plausibly be made. By staying these proceedings, I am giving the state courts the same free and unfettered hand that they would have if this case were to be dismissed. If the state courts rule in the petitioner's favor, then this case properly will be subject to dismissal.

If the state courts do not rule in petitioner's favor, little would be accomplished by requiring the petitioner to refile his petition, instead of permitting him and this court simply to resume its long-delayed consideration of his claims. To be sure, he may seek leave to amend his petition in light of the state court's actions—although it is also possible, depending on whether the state courts make binding factual determinations, and, as well, on what those factual determinations might be, that the petitioner will either not seek such leave, or will be unable to assert those claims in this proceeding. *See* 28 U.S.C. § 2254(d).

In any event, the respondent, just as it has not shown how principles of comity are offended by a stay, has likewise not shown how any of its interests in this case or otherwise are affected adversely by entering a stay instead of a dismissal pending adjudication of the state proceedings. I fail to perceive any prejudice to the respondent, and it has recited none in its motion for reconsideration. Indeed, given the respondent's desire for prompt adjudication of petitioner's claims, I believe that final determination of those claims in this court—if such becomes necessary—will be reached more promptly, rather than less so, if this case stays in place, rather than slipping backwards to its starting point, as would occur if dismissal were entered and petitioner returned here to seek relief

On reconsideration, I conclude, therefore, that: 1) neither § 2254(b), *O'Guinn*, nor other legal requirements compel dismissal rather than a stay; 2) the principles of comity are preserved and furthered as much by a stay as they would be by dismissal; and 3) no prejudice is incurred by the respondent if proceedings are stayed—indeed, the respondent's interest in prompt adjudication proba-

bly is promoted, rather than impaired by stay order.

In light of the foregoing, it is

ORDERED THAT:

1. Motion for reconsideration granted; and

2. On reconsideration, motion for stay reconfirmed; motion to dismiss overruled.

So ordered.